# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSEPH E. OSBORNE,** | ) | Civil Action No. 7:13-cv-00575 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JOHN A. WOODSON,** | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | United States District Judge |

Joseph E. Osborne, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge the judgment entered by the Circuit Court for the County of Albemarle. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

## I.

On December 5, 2006, the Circuit Court for the County of Albemarle sentenced Osborne to more than eighty years' incarceration for abduction, breaking and entering, and attempted sodomy. Osborne's properly-filed appeal to the Court of Appeals of Virginia was denied on April 22, 2009, and Osborne did not appeal to the Supreme Court of Virginia.

On March 31, 2010, Osborne filed a petition for a writ of habeas corpus with the Circuit Court of Albemarle County, which denied the petition on October 9, 2012. Osborne appealed to the Supreme Court of Virginia, which refused the appeal and denied a petition for rehearing on September 24, 2013.

Osborne filed the instant petition on December 6, 2013. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). The court conditionally filed the petition, advised Osborne that the petition appeared to be untimely filed, and provided him the opportunity to explain why

the court should consider it timely filed. Osborne argues in response that he filed his appeals and habeas petitions "as quickly and timely as possible."

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] The applicable period for the instant petition began to run from the date on which the judgment of conviction became final.[2] 28 U.S.C. § 2244(d)(1)(A); see United States v. Clay, 537 U.S. 522, 524 (2003) (holding a conviction becomes final once the availability of direct review is exhausted). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2); see Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Osborne's § 2254 petition is untimely under § 2244(d)(1)(A). Osborne's conviction became final on May 22, 2009, when the time expired for Osborne to note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). After allowing for the tolling of the period

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

while the state habeas proceedings were pending, Osborne was required to file his federal habeas petition in November 2013, but he did not file the petition until December 6, 2013.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Osborne's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented Osborne from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, Osborne filed his federal habeas petition more than one year after the judgment became final, Osborne is not entitled to equitable tolling, and the petition must be dismissed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

**III.**

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus as time barred. Based upon the court's finding that Osborne has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

Entered: February 21, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge